SUCCESSION OF W. REGAN—FANNY CUTTER, Opponent and Appellant.

S. B. died, leaving an infant child; his widow, very shortly after his death, lived in concubinage with W. R., who took possession of the property of the deceased and treated it as his own, and to whom, some years later, she was married. The property of S. B. was never inventoried nor administered, nor did the widow take out letters of tutorship of her minor child by the first husband. When about twenty-eight years of age, the child of S. B. sued the succession of W. R. for her interest in her father's estate, of which he had taken possession. To this action the defendant pleaded the prescription of four years, under Article 356 of the Civil Code. *Held:* that W. R. was in no sense a tutor, but rather a self constituted agent or intermeddler, and that the prescription of four years was inapplicable.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Van Matre* and *Roselius*, for the Executrix. *L. Spring* and *J. R. Grymes*, for opponent and appellant. *Benjamin & Micou*, for Mrs. *Regan*. *Clarke & Choiseul*, for the assignee.

BUCHANAN, J. *Fanny Boyd*, wife of *S. W. Cutter*, is appellant from a judgment of the District Court, sustaining the plea of prescription to a claim set up by her against this succession, as heir of her deceased father, *Samuel Boyd*, and of her deceased mother, *Mary Regan*

The facts as disclosed in the evidence, are as follows: *Samuel Boyd* died in New Orleans in September, 1824, leaving an infant child, the appellant, issue of his marriage with *Mary Boyd*, his surviving widow. The property in possession of *Samuel Boyd* at his death, consisted of two slaves, a number of drays and horses, and the stock of a coffee-house and boarding-house; the whole estimated by witnesses, at five to six thousand dollars in value. After *Boyd's* death, his widow continued to carry on his business, with the assistance of *William Regan*, who had been in her husband's employ as a drayman; with whom she cohabited as man and wife from a period immediately succeeding her husband's death, and who exercised the entire control over the business and property, treating it as his own. The coffee-house was known as Regan's coffee-house. Mrs. *Boyd* never administered on the estate of her husband, no inventory was made of the same, neither did she take out letters of tutorship of her minor child, who appears from the evidence, to have been called in her childhood by the name of *Regan*.

Although *Regan* and the widow *Boyd* lived together, as above said, from the time of *Boyd's* death, they were not married until the 3d of September, 1829. Mrs. *Regan* died in February, 1843, and *Regan* in March, 1852. Mrs. *Cutter* made her claim against *Regan's* estate in July, 1852, at which date she must have been about twenty-eight years of age; and the prescription which has been pleaded in bar of her action is that of four years, under Article 356 of the Civil Code, which reads as follows: "the action of the minor against his tutor, respecting the acts of the tutorship, is prescribed by four years, to begin from the day of his majority."

We do not think the prescription of four years applicable to this case. *William Regan* was never the tutor of the minor *Fanny Boyd*, either by appointment of court, or constructively, under Article 273 of the Civil Code, by the decision of a family meeting called previous to his marriage with her mother, for the purpose of retaining the tutorship in the hands of her mother. The obliga-

tion of *Regan* towards the appellant was rather that of a self constituted agent, or intermeddler; and there is a very remarkable document in the record, emanating from him, of which the only reasonable interpretation would seem to be, a recognition on his part, of the extent of his obligations towards his wife and her child by her first marriage, arising out of his conversion of the property of *Boyd's* succession to his own use.

The document in question purports to be a sale by authentic act of certain real estate and slaves, for a price of four thousand one hundred dollars, by *Regan* to his wife, on the 18th January, 1843. In this conveyance, although the parties had been married nearly fourteen years, yet the vendor is described as an unmarried man, and the vendee as a widow. The extraordinary renunciation of *status* by Mrs. *Regan*, implied in this notarial act, appears to be only explicable upon the idea that the intention was to secure to the vendee and to her daughter the equivalent of what had come into *Regan's* hands many years before, from *Boyd's* estate. There are several circumstances related by the witnesses which favor this view. Thus, *Regan* mentioned to his friends that he was apprehensive of trouble from Mrs. *Cutter*, "but she had better let him alone, and he would do what was right." Again, Mrs. *Cutter* has actually possessed as owner and inhabited the house at the corner of Nayades and Erato streets, included in this sale, from its date to the present time.

As a sale, the document in question is invalid for want of capacity in the parties to contract, the vendor and vendee being proved to have been at the time husband and wife. C. C. 2421. But it is not without importance in the point of view above mentioned, as a circumstance in appellant's case. We are justified by the evidence in estimating *Samuel Boyd's* property at the time of his death, at about five thousand dollars. Deducting some horses proved to have been sold by his widow, that property came into the hands of *Regan*, and was treated by him as his own. The legal presumption, in the absence of proof to the contrary, is, that it was property of the matrimonial community of *Boyd* and his wife. Consequently one-half belonged to the widow, and one-half to the appellant, as the only child of *Boyd*. For this half, amounting at a reasonable estimate, to two thousand and fifty dollars, the appellant has, by Article 3283 of the Code, a legal mortgage on the property of *William Regan*, from the 3d September, 1829, the date of his marriage with the widow *Boyd*.

The appellant is also entitled to claim as her heir one-third of the estate of her mother, which has not yet been liquidated, so far as the record informs us.

The judgment of the District Court is therefore reversed : and it is decreed, that the account of administration of *William Regan's* estate be amended, by placing thereon the appellant *Fanny Boyd Cutter* as a creditor for the sum of two thousand and fifty dollars, with legal mortgage from the 3d September, 1829; that the rights of the appellant as heir of her mother be reserved; and that the appellee, in her capacity of administrator, pay costs in both courts.

Rehearing refused.